UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LOANCARE, A DIVISION OF FNF        :
SERVICING, INC.,
                                   :
      Plaintiff,
                                   :
      v.
                                            No. 3:12cv590(SRU)
                                   :
LORNA CHANNER,
                                   :
      Defendant.
-----------------------------------------------------------------X

RULING ON DEFENDANT'S MOTION TO DISMISS

      This is a foreclosure action brought by LoanCare, a division of FNF Servicing, Inc. ("LoanCare"), against Lorna Channer ("Channer"). Channer filed a motion to dismiss the complaint in its entirety for failure to state a claim upon which relief may be granted. For the reasons set forth below, the motion to dismiss is denied.

Standard of Review

      When ruling on a motion to dismiss, the court must accept all factual allegations of the complaint as true and draw all reasonable inferences in plaintiff's favor. *See New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013). The court must then assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" when the complaint contains factual allegations that allow the court to draw a reasonable inference that the defendant is liable. *Id*. Although the court must accept as true the factual allegations of the complaint, this principle is inapplicable to "legal conclusions" and

1

"formulaic recitation[s] of the elements of a cause of action." *Id.*

Additionally, in ruling on a motion to dismiss, the court's consideration is limited to the factual allegations of the complaint, documents attached to the complaint as exhibits or incorporated therein by reference, matters of which the court may take judicial notice, and documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied upon in bringing suit.   *Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992); *Channer v. Loan Care Serv. Ctr., Inc.*, No. 3:11cv135, 2011 WL 5238878, at *1 (D. Conn. Nov. 1, 2011).   If matters outside the pleadings are presented to the court, the court must either exclude the additional material and decide the motion based upon the complaint alone or convert it to a motion for summary judgment under Rule 56 and afford all parties the opportunity to present supporting material.[1]   Rule 12(d), Fed. R. Civ. P.; *see Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000).

## Background

The following facts taken from the complaint and the exhibits attached thereto, are assumed to be true for the purposes of the present motion.

---

[1] In this case, LoanCare, the non-movant, has filed two affidavits in opposition to the motion to dismiss, along with numerous exhibits.   I have excluded these affidavits from consideration and will rely solely on the complaint, the exhibits thereto, and matters of which the Court may take judicial notice.   *See Smith v. Hogan*, No. 3:10cv1025, 2011 WL 4433879, at *4 n.3 (D. Conn. Sept. 22, 2011) (holding that conversion of a motion to dismiss into a motion for summary judgment is inappropriate where the non-movant offers the supplemental submissions).

LoanCare is a division of FNF Servicing, Inc.  Compl. ¶ 1.  At all times relevant hereto, Channer was and continues to be the record owner of the property located at 52 Craigs Road, Windsor, Connecticut (the "Property").  Compl. ¶ 2.

On or about August 31, 2009, Channer executed and delivered to Ideal Mortgage Bankers, Ltd., d/b/a Lending Key, a promissory note (the "Note") for a loan in the original principal amount of $159,137.00.  Compl. ¶ 5.  That same day, in order to secure the Note, Channer executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Lending Key, a mortgage (the "Mortgage") on the Property, which was duly recorded on September 14, 2009.  Compl. ¶ 6.

At the time of Channer's execution of the Note and Mortgage, Lending Key was an approved issuer of securities guaranteed by the Government National Mortgage Association ("Ginnie Mae"), a wholly-owned government corporation within the United States Department of Housing and Urban Development, and was subject to the terms of the Ginnie Mae Single Family Guaranty Agreement ("Guaranty Agreement").  Compl. ¶ 7.

On or about December 16, 2009, Lending Key was found to be in violation of the Guaranty Agreement.  Ginnie Mae defaulted Lending Key and extinguished its rights to the portfolio of mortgage loans, including the Note and Mortgage executed by Channer.  Compl. ¶ 8.  Upon termination of Lending Key's interest in the Note and Mortgage, all right, title, and interest was transferred to Ginnie Mae pursuant to 12 U.S.C. § 1721.  Pursuant to the provisions of the Guaranty Agreement, Ginnie Mae is the absolute owner and holder of Channer's Note and Mortgage.  Compl. ¶¶ 8, 9.

LoanCare is a subservicer of Ginnie Mae, contractually authorized to service certain loans

on behalf of Ginnie Mae, including the Note and Mortgage executed by Channer.   Compl. ¶ 10.

On September 30, 2010, the Mortgage was assigned to LoanCare by MERS, on behalf of Ginnie Mae and as nominee for Lending Key, and duly recorded.   Compl. Ex. C.

LoanCare provided written notice to Channer of her default under the Note and Mortgage, but Channer failed to cure the default.   Compl. ¶ 12.   LoanCare then elected to accelerate the balance due under the Note, to declare the Note to be due in full, and to foreclose the Mortgage securing the Note.   Compl. ¶ 13.

The Mortgage provides as grounds for acceleration of the debt that the Lender may require immediate payment in full of all sums secured by the Mortgage if the Borrower defaults by failing to pay in full any monthly payment required by the Mortgage prior to or on the due date of the next monthly payment or the Borrower defaults by failing, for a period of thirty days, to perform any other obligation contained in the Mortgage.   Compl. Ex. B ¶ 9(a).   The Mortgage further provides that if the Lender required immediate payment in full under paragraph 9, Lender may invoke any remedies permitted by applicable law.   Compl. Ex. B ¶ 18.

There are no known liens or encumbrances that claim an interest in the Property that are either prior in right or subsequent in right to the Mortgage.   Compl. ¶¶ 14, 15.

Channer is owner of the equity of redemption of the Property and in current possession. Compl. ¶ 16.

LoanCare provided Channer with notice of her rights pertaining to unemployment and underemployment, as required by Connecticut law.   Compl. ¶ 17.

On April 16, 2010, Channer filed a Chapter 7 Bankruptcy Petition in the U.S. Bankruptcy Court for the District of Connecticut, Case No. 10-21232. On May 6, 2010, she filed an adversary proceeding in the Bankruptcy Court against LoanCare, Lending Key, and MERS, seeking to

determine the validity of the lien on the Property and to determine the dischargeability of the debt. United States Bankruptcy Judge Albert Dabrowski dismissed the adversary complaint on August 12, 2010. On August 17, 2010, LoanCare moved for relief from the automatic stay, which was granted. The Bankruptcy Court discharged Channer's debt on November 3, 2010. Pl.'s Mem. Exs. A - F.

On April 20, 2012, LoanCare filed this action seeking foreclosure of the Mortgage.

## Discussion

Channer moves to dismiss the complaint on several grounds each of will be addressed in turn.

### I.   Rule 12(b)(6) - Failure to State a Claim

Initially, Channer argues that LoanCare's complaint "omits key facts to support a foreclosure action or enforcement of the alleged mortgage note." Def.'s Mem. 3. Channer contends that LoanCare relies on "conclusory allegations, bald assertions, and legal conclusions," and makes allegations that contradict facts of which the court may take judicial notice. Def.'s Mem. 3. For these reasons, Channer maintains that LoanCare's complaint should be dismissed for failure to state a claim.

In support of her argument, Channer relies on allegations she made in an adversary proceeding in Bankruptcy Court, of which she maintains this court may take judicial notice. That is incorrect. "'A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)). Even though the document may be a matter of public

record, on a motion to dismiss, the court may take judicial notice only of the existence of the record, not of the truth of the matters asserted therein.  *Id.*   Thus, although I may take judicial notice of the facts that Channer filed a Chapter 7 Bankruptcy Petition and that she filed an adversary proceeding against LoanCare, MERS, and Lending Key, I cannot take judicial notice of the allegations in her adversary complaint, nor of statements made by LoanCare in filings in the Bankruptcy Court, for the truth of the matters asserted therein.  *See Milo v. Galante*, No. 3:09cv1389, 2011 WL 1214769, at *3 (D. Conn. Mar. 28, 2011); *Estate of Axelrod v. Flannery*, 476 F. Supp. 2d 188, 200 (D. Conn. 2007).

In Connecticut, an action for foreclosure of a mortgage is an equitable proceeding. *Bargas v. Griffin*, No. 3:11cv1854, 2013 WL 2295443, at *2 (D. Conn. May 24, 2013) (citing *Deutsche Bank Nat'l Trust Co. v. Angle*, 284 Conn. 322, 326 (2007)).  To set forth a prima facie case, LoanCare, as the foreclosing party, must allege that it is the owner of the Note and Mortgage, and that Channer, as the Mortgagor, defaulted on the Note.  *Id.* (citing *Webster Bank v. Flanagan*, 51 Conn. App. 733, 750-51 (1999)); *Ryder v. Washington Mut. Bank, F.A.*, 501 F. Supp. 2d 311, 317 (D. Conn. 2007) (citing *Franklin Credit Mgmt. Corp. v. Nicholas,* 73 Conn. App. 830, 838 (2002), *cert. denied*, 262 Conn. 937 (2003)).   Although it appears that LoanCare's complaint readily meets these requirements, Channer raises five grounds that she contends require dismissal of the complaint for failure to state a claim.

First, Channer maintains that the complaint does not meet these requirements because LoanCare has attached an unexecuted Note, which contradicts the allegation in its complaint that Channer executed the Note.  Although the Note attached to the complaint as an exhibit appears to be missing page 3, the signature page, I may take judicial notice of the full Note, which is attached to Channer's motion, as a public record and as a document on which LoanCare relied in bringing

this suit.  *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

Citing *New England Savings Bank v. Bedford Realty Corp.*, 246 Conn. 594, 610 (1998), Channer claims that the complaint is deficient because it does not plead the nature of the default giving rise to the right of foreclosure and does not plead the amount currently due and owing. Def.'s Reply Mem. 8.  Although *New England Savings Bank* does contain the language Channer replies upon, that portion of the decision has been called into question as dicta and as exceeding the pleading requirements of Connecticut Practice Book §§ 10-1[2] and 10-69.[3]  *See Bank United v.*

---

[2]  Section 10-1 of the Connecticut Practice Book (2012), entitled "Fact Pleading," provides:
> Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved, such statement to be divided into paragraphs numbered consecutively, each containing as nearly as may be a separate allegation. If any such pleading does not fully disclose the ground of claim or defense, the judicial authority may order a fuller and more particular statement; and, if in the opinion of the judicial authority the pleadings do not sufficiently define the issues in dispute, it may direct the parties to prepare other issues, and such issues shall, if the parties differ, be settled by the judicial authority.

[3]  Section 10-69 of the Connecticut Practice Book (2012), entitled "Pleading Special Matters - Foreclosure Complaint, Pleading Encumbrances," provides:
> The complaint in all actions seeking the foreclosure of a mortgage or other lien upon real estate shall set forth, in addition to the other essentials of such complaint: All encumbrances of record upon the property both prior and subsequent to the encumbrance sought to be foreclosed, the dates of such encumbrances, the amount of each and the date when such encumbrance was recorded; if such encumbrance be a mechanic's lien, the date of commencing to perform services or furnish materials as therein recited; and if such encumbrance be a judgment lien, whether said judgment lien contains a reference to the previous attachment of the same premises

*LeMoult*, No. CV00179862S, 2001 WL 100302, at *2 (Conn. Super. Ct. Jan. 9, 2001). Additionally, numerous cases discussing the requirements for a foreclosure cause of action do not include those specific requirements.  *See, e.g., Franklin Credit Mgmt. Corp.,* 73 Conn. App. 830, 838 (Conn. App. 2002); *Webster Bank*, 51 Conn. App. 733, 750-51 (Conn. App. 1999); *see also TD Bank, N.A. v. Georgetown Land Dev. Co.*, 2011 WL 3199366, at *2 (Conn. Super. Ct. June 23, 2011) (holding that the facts alleged must include: the existence of an underlying obligation which is owed by the defendant to the plaintiff; that the note is secured by a mortgage and the defendant borrower is in default of the obligations under the note or mortgage; that, because of the default, the plaintiff has exercised its option to accelerate the debt and declare all sums owing under the mortgage to be due and payable; and the defendant is in possession of the mortgaged property).

Moreover, Channer's argument overlooks the difference between the pleading standard in Connecticut state court and the "notice pleading" requirements of federal court.  *See* Rule 8(a)(2), Fed. R. Civ. P.  Under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Id.*  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citations and quotation marks omitted).  Even under the more stringent pleading requirements of Connecticut law, I have found no case in which the complaint was dismissed for failure to state the means of default or the specific amount due and owing.  Accordingly, I decline to dismiss the complaint on that basis.

Channer next argues that the complaint identifies the original mortgagee as Ideal Mortgage

---

in the same action, as provided by General Statutes § 52-380a.

Bankers, Ltd. d/b/a Lending Key, a New York corporation, when in fact the Note and Mortgage refer only to "Lending Key, a New York corporation." Channer claims that LoanCare cannot establish that these are one and the same entity. I see no problem in this respect. The use of a "d/b/a" or "doing business as" to associate a trade name with a corporation does not create a legal entity separate from the corporation. *See Bauer v. Pounds*, 61 Conn. App. 29, 36 (2000). Here, there is no confusion concerning the entity that was the original mortgagee, and Channer does not contend otherwise.

Relying on a memorandum filed in the bankruptcy proceedings, Channer asks me to take judicial notice of the fact that LoanCare alleged on September 29, 2010, that it was the owner and holder of Channer's Mortgage and Note, whereas the assignment attached as Exhibit C to the complaint is dated September 30, 2010. As discussed above, I cannot take judicial notice of the truth of the matters asserted in filings in other courts. *See Estate of Axelrod*, 476 F. Supp. 2d at 221 (holding that such an examination of extrinsic evidence is not appropriate in the context of a motion to dismiss). Moreover, LoanCare did not allege that it was the "owner," only that it was the "holder." Pl.'s Mem. in Support of Mot. for Relief from Stay 2.

Next, Channer asserts that LoanCare has not alleged sufficient facts to demonstrate that Ginnie Mae had any interest in the Mortgage and Note. I disagree. LoanCare alleged in unequivocal terms that Ginnie Mae was the absolute owner and holder of Channer's Note and Mortgage, pursuant to the terms of the Guaranty Agreement, and further alleged the circumstances giving rise to the default and transfer of ownership from Lending Key to Ginnie Mae. Compl. ¶¶ 8,9. Moreover, ownership is established by federal law, 12 U.S.C. § 1721,[4] the statute cited by

---

[4] Section 1721(g)(1) of Title 12 of the United States Code provides in relevant part:

9

LoanCare in its complaint.  Additionally, the Federal Rules of Civil Procedure require only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2), Fed. R. Civ. P.  LoanCare need not allege evidence upon which it will prove its allegations.

---

> The Association is hereby empowered, in connection with any guaranty under this subsection, whether before or after any default, to provide by contract with the issuer for the extinguishment, upon default by the issuer, of any redemption, equitable, legal, or other right, title, or interest of the issuer in any mortgage or mortgages constituting the trust or pool against which the guaranteed securities are issued; and with respect to any issue of guaranteed securities, in the event of default and pursuant otherwise to the terms of the contract, the mortgages that constitute such trust or pool shall become the absolute property of the Association subject only to the unsatisfied rights of the holders of the securities based on and backed by such trust or pool. No State or local law, and no Federal law (except Federal law enacted expressly in limitation of this subsection after October 8, 1980), shall preclude or limit the exercise by the Association of (A) its power to contract with the issuer on the terms stated in the preceding sentence, (B) its rights to enforce any such contract with the issuer, or (C) its ownership rights, as provided in the preceding sentence, in the mortgages constituting the trust or pool against which the guaranteed securities are issued.

Finally, Channer argues that LoanCare does not allege possession of the Note. Although the complaint does not contain that specific allegation, the complaint does provide that Ginnie Mae was the "absolute owner and holder of the Channer's Note and Mortgage," Compl. ¶ 9, and that LoanCare is a "subservicer of Ginnie Mae, contractually authorized to service certain loans on behalf of Ginnie Mae, including the Note and Mortgage executed by the Defendant." Compl. ¶ 10. Additionally, LoanCare attached the Note as an Exhibit to the complaint. As discussed below, a loan servicer is authorized to conduct foreclosure proceedings as an agent for its principal. For these reasons, I will not dismiss the complaint for failure to specially allege LoanCare's possession of the Note.

## II.  Standing

Channer also seeks to dismiss the complaint based on LoanCare's lack of standing to pursue this foreclosure action.

Rule 17(a)(1) of the Federal Rules of Civil Procedure states that an "action must be prosecuted in the name of the real party in interest." It then identifies seven classifications of parties who may sue in their own names without joining the person for whose benefits the action is brought, including *inter alia*, a party with whom or in whose name a contract has been made for another's benefit. Fed. R. Civ. P. Rule 17(a)(1)(F). That list, however, is not exclusive. *See Finance California v. Lawyers Title Ins. Corp.*, No. 3:07cv804, 2010 WL 4876014, at *7 (D. Conn. Nov. 22, 2010). Although federal law governs the procedural question of in whose name a suit may be brought, that question must be answered with reference to state law. *Id.* Under Connecticut law, servicing agents have the capacity to institute lawsuits on behalf of their principals. *Id.* (citing *Master Fin., Inc. v. Christensen Assocs., Inc.*, No. CV 065004255S, 2008 WL 1052387, at ** 2, 3 (Conn. Super. Ct. Mar. 20, 2008)). Thus, as Ginnie Mae's servicing

agent, LoanCare would be a real party in interest under Rule 17, Fed. R. Civ. P., and would have standing to bring this action. *Id.* The motion to dismiss is denied to the extend it is based on lack of standing.

III.  Statute of Limitations

Channer next argues that this action is barred by the limitation periods set forth in Conn. Gen. Stat. § 52-588.   Section 52-588 provides in relevant part:

> No action shall be brought on a negotiable note, if the holder thereof has been notified in writing by the maker thereof, or his attorney or agent, that such note was obtained of the maker in pursuance of a conspiracy, or of a general intent to defraud, unless the same is brought within one year after such notice was given, or six months after such note became due; nor shall any claim on such note be maintained against the estate of any deceased person or insolvent debtor, unless such claim is presented within the time above specified after notice as aforesaid.

Channer acknowledges that statute of limitations defenses are most often pled as affirmative defenses because they raise factual issues beyond the face of the complaint.   Def.'s Mem. 31. Nonetheless, Channer argues that the defense is properly raised here because LoanCare's action is founded on the Note; the alleged Note is negotiable; Channer provided the necessary notice to LoanCare, Lending Key, and MERS that the Note was acquired pursuant to a conspiracy or general intent to defraud; and neither Ginnie Mae nor LoanCare brought an action within one year of the date the notice was given.

This same argument was presented in *Bank of New York Mellon v. Bell*, No. 3-11-cv-01255, 2012 WL 4378590, at *2 (D. Conn. Sept. 25, 2012), and rejected by the Court in a well-reasoned opinion.

> To hold that plaintiff's complaint is barred would require the Court find that (1) Section 52–588 applies to foreclosure actions; (2) defendant[] notified the holder of the note in writing that such note

> was obtained of the maker in pursuance of a conspiracy, or of a
> general intent to defraud; and (3) defendant's account of the
> time-line is correct. Plaintiff disputes all three of these contentions.
> While the applicability of Section 52–588 is a matter of law,
> defendant'[s] factual contentions regarding notice and timing are not
> evident from the complaint or incorporated by reference. Since
> these affirmative defenses do not appear from the face of the
> complaint, they may not be raised by a preanswer motion to dismiss.
> *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir.
> 1998). As the Court must accept all well-pleaded allegations as true
> and draw all reasonable inferences in favor of the pleader,
> defendant'[s] motion to dismiss will be denied.

I reject Channer's argument in this case.

Moreover, Channer's argument is based upon the substance of filings in an adversary proceeding in Bankruptcy Court, matters not subject to judicial notice. *See* Discussion, *supra*. More importantly, Channer obtained a Chapter 7 Bankruptcy discharge, so that no claim on the Note can be made against her personally. 11 U.S.C. § 524(a). Thus, although LoanCare could pursue the mortgage foreclosure action, it could not pursue an action on the Note against Channer personally. Under Connecticut foreclosure laws, an action upon a note and the foreclosure of a mortgage are separate and distinct causes of action. *Federal Deposit Ins. Corp. v. Voll*, 38 Conn. App. 198, 206, *cert. denied*, 235 Conn. 903 (1995). The Connecticut courts have long recognized that "the barring of a debt secured by a mortgage by the running of the statute of limitations does not prevent foreclosure of the mortgage." *Markham v. Smith*, 119 Conn. 355, 358 (1935). Thus, section 52-588 does not bar this mortgage foreclosure action.

IV.   Res Judicata and Collateral Estoppel

Channer's last ground for dismissal is that this action is barred by the doctrines of res judicata and collateral estoppel because issues raised here were decided by the Bankruptcy Court when it granted LoanCare's motion for relief from stay.

Res judicata and collateral estoppel are affirmative defenses. Fed. R. Civ. P. R. 8(c)(1); *Ross v. New Canaan Envtl. Comm'n*, No. 3:09cv01966, 2010 WL 2351475, at *3 (D. Conn. June 8, 2010). A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted when the affirmative defense clearly appears on the face of the complaint. *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *Pond v. Town of North Branford*, No. 3:11-cv-00984, 2013 WL 836016, at *1 (D. Conn. Mar. 6, 2013); *Galvin v. Lloyd*, 663 F. Supp. 1572, 1578 (D. Conn. 1987). Here, the defenses of res judicata and collateral estoppel are not clearly apparent on the face of the complaint.

Moreover, the same claims and issues presented in this case were not decided in the Bankruptcy Court and, thus, neither res judicata nor collateral estoppel applies. *See EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (holding that "res judicata bars later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action") (internal quotation marks omitted); *Bear, Stearns & Co. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005) (holding that "[c]ollateral estoppel is permissible as to a given issue if (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits) (internal quotation marks omitted). A motion for relief from stay filed in the Bankruptcy Court addresses only the issue whether the movant may pursue a claim in state or federal court to enforce its rights; it does not address or decide the merits of a claim. *See In re Boodrow*, 126 F.3d 43, 55 (2d Cir. 1997), *cert. denied*, 522 U.S. 1117 (1998). Therefore, this action is not barred by either res judicata or collateral estoppel.

Conclusion

Accordingly, for the reasons set forth above, Channer's Motion to Dismiss [Doc. # 28] is denied in its entirety.

SO ORDERED, this 24th day of June 2013, at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
STEFAN R. UNDERHILL
United States District Judge